

2013 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2013

# In Re: Clinton Barlow

Precedential or Non-Precedential: Non-Precedential

Docket No. 13-1320

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2013

Recommended Citation

"In Re: Clinton Barlow " (2013). *2013 Decisions.* Paper 1071.
http://digitalcommons.law.villanova.edu/thirdcircuit_2013/1071

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2013 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-143                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1320
_____

IN RE:  CLINTON C. BARLOW, III,
Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to 13-cv-00173)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 7, 2013
Before:  AMBRO, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion filed: March 27, 2013 )
_____

OPINION
_____

PER CURIAM

On January 10, 2013, Elmalean Bowser, petitioner Clinton C. Barlow's aunt, filed an appeal in the District Court from the Bankruptcy Judge's order dismissing her case.  Shortly thereafter, Barlow, apparently acting as Bowser's legal representative, filed a petition for writ of mandamus, asking us to compel the District Court and other federal agencies to accept process of his federal civil tort claim.

Mandamus is a drastic remedy available in only the most extraordinary circumstances. <u>In re Diet Drugs Prods. Liab. Litig.</u>, 418 F.3d 372, 378 (3d Cir. 2005).  Barlow's federal civil

tort claim was denied by the Administrative Office of the United States Courts on January 24, 2013, and he was advised of his right to file suit in District Court within six months of that date. Nothing in the record indicates that Barlow has exercised that right, let alone been precluded from doing so. Accordingly, we will deny the mandamus petition.